**McGuireWoods LLP**
Athena G. Rutherford (SBN 328824)
Two Embarcadero Center, Suite 1300
San Francisco, CA 94111-3821
Telephone: 415.844.9944
Facsimile: 415.844.9922
Email: arutherford@mcguirewoods.com

*Attorney for Defendant Synchrony Bank*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALERIE RENEE LEMASTERS,<br><br>Plaintiff,<br><br>v.<br><br>EQUIFAX INFORMATION SERVICES LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; CAPITAL ONE FINANCIAL CORPORATION; and SYNCHRONY BANK, N.A.,<br><br>Defendants. | CASE NO. 5:26-CV-02096-NW<br><br>Hon. Noël Wise<br><br>**DEFENDANT SYNCHRONY BANK'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>Complaint: March 11, 2026<br>FAC:        June 17, 2026 |

CASE NO. 5:26-CV-02096-NW

DEFENDANT SYNCHRONY BANK'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant Synchrony Bank ("Synchrony") hereby answers Plaintiff Valerie Renee Lemasters' ("Plaintiff") First Amended Complaint ("FAC") as follows:

## PRELIMINARY STATEMENT

In answering the allegations in the FAC, Synchrony states that it is responding to the allegations on behalf of itself only. Synchrony denies any and all allegations contained in headings and/or un-numbered paragraphs in the FAC.

## INTRODUCTION

1. Paragraph 1 of the FAC does not contain allegations against Synchrony to which an answer is required. To the extent that an answer is required, Synchrony denies the allegations in Paragraph 1 of the FAC.

2. Paragraph 2 of the FAC does not contain allegations against Synchrony to which an answer is required. To the extent that an answer is required, Synchrony denies the allegations in Paragraph 2 of the FAC.

3. Paragraph 3 of the FAC does not contain allegations against Synchrony to which an answer is required. To the extent that an answer is required, Synchrony denies the allegations in Paragraph 3 of the FAC.

4. Paragraph 4 of the FAC does not contain allegations against Synchrony to which an answer is required. To the extent that an answer is required, Synchrony denies the allegations in Paragraph 4 of the FAC.

5. Paragraph 5 of the FAC consists solely of legal conclusions to which no response is required. To the extent a response is required, the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. ("FCRA") speaks for itself, and Synchrony denies any allegations inconsistent with that statute.

6. Paragraph 6 of the FAC consists solely of legal conclusions to which no response is required. To the extent a response is required, FCRA speaks for itself, and Synchrony denies any allegations inconsistent with that statute.

7. Paragraph 7 of the FAC consists solely of legal conclusions to which no response is required. To the extent a response is required, FCRA speaks for itself, and

DEFENDANT SYNCHRONY BANK'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Synchrony denies any allegations inconsistent with that statute.

8.    Paragraph 8 of the FAC consists solely of legal conclusions to which no response is required. To the extent a response is required, FCRA speaks for itself, and Synchrony denies any allegations inconsistent with that statute.

9.    Paragraph 9 of the FAC consists solely of legal conclusions to which no response is required. To the extent a response is required, FCRA speaks for itself, and Synchrony denies any allegations inconsistent with that statute.

10.    Paragraph 10 of the FAC consists solely of legal conclusions to which no response is required. To the extent a response is required, FCRA speaks for itself, and Synchrony denies any allegations inconsistent with that statute.

11.    Synchrony denies that it inaccurately reported Plaintiff's account ("Account") and states that it properly furnished information related to Plaintiff's Account in accordance with its legal obligations up to and through when Capital One acquired the Account. Capital One acquired the Account and its servicing obligations in October 2019, and Synchrony ceased furnishing information on the Account at or around that time. As to the remaining allegations in Paragraph 11 of the FAC, Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11, and therefore, they are denied.

12.    Paragraph 12 of the FAC consists solely of allegations and legal conclusions directed at other parties to this matter, and thus, no response is required from Synchrony. To the extent that an answer is required Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore, they are denied.

13.    To the extent the allegations in Paragraph 13 of the FAC are directed at Synchrony, Synchrony states only that it properly furnished information related to Plaintiff's Account and that it properly investigated Plaintiff's disputed credit reporting to the extent it received an Automated Credit Dispute Verification form ("ACDV"). The remaining allegations in Paragraph 13 of the FAC are directed at

DEFENDANT SYNCHRONY BANK'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT

other parties to this matter, and thus, no response is required from Synchrony. To the extent that an answer is required Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore, they are denied.

14.    Paragraph 14 of the FAC consists solely of legal conclusions to which no response is required. To the extent a response is required, FCRA speaks for itself, and Synchrony denies any allegations inconsistent with that statute.

## THE PARTIES

15.    Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the FAC, and therefore, they are denied.

16.    Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the FAC, and therefore, they are denied.

17.    Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the FAC, and therefore, they are denied.

18.    Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the FAC, and therefore, they are denied.

19.    Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the FAC, and therefore, they are denied.

20.    In answering Paragraph 20 of the FAC, Synchrony states only that it is a federally chartered savings association with its principal place of business in Draper, Utah. Except as expressly admitted, the allegations are denied.

21.    In answering Paragraph 21 of the FAC, Synchrony only states that issued Plaintiff a Walmart-branded credit card (the "Account") at one point in time. Capital One acquired the Account and its servicing obligations in October 2019, and

Synchrony ceased furnishing information on the Account at or around that time. Except as expressly admitted, the allegations are denied.

22. Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the FAC, and therefore, they are denied.

23. Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 of the FAC, and therefore, they are denied.

## JURISDICTION AND VENUE

24. Paragraph 24 of the FAC consists solely of legal conclusions to which no response is required. To the extent a response is required, Synchrony does not contest the Court's jurisdiction over this matter.

25. Paragraph 25 of the FAC consists solely of legal conclusions to which no response is required. To the extent a response is required, Synchrony does not contest the venue of this matter.

## FACTS

### Summary of the Fair Credit Reporting Act

26. Paragraph 26 of the FAC consists solely of legal conclusions to which no response is required. To the extent a response is required, FCRA speaks for itself, and Synchrony denies any allegations inconsistent with that statute.

27. Paragraph 27 of the FAC consists solely of legal conclusions to which no response is required. To the extent a response is required, FCRA speaks for itself, and Synchrony denies any allegations inconsistent with that statute.

28. Paragraph 28 of the FAC consists solely of legal conclusions to which no response is required. To the extent a response is required, FCRA speaks for itself, and Synchrony denies any allegations inconsistent with that statute.

### The Credit Bureau Defendants' Processing of Credit Information

29. Synchrony lacks knowledge or information sufficient to form a belief as

to the truth of the allegations in Paragraph 29 of the FAC, and therefore, they are denied.

30. Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 of the FAC, and therefore, they are denied.

31. Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 of the FAC, and therefore, they are denied.

32. Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 of the FAC, and therefore, they are denied.

33. In answering Paragraph 33 of the FAC, Synchrony only states that it furnishes information related to credit card accounts of its customers to consumer reporting agencies ("CRAs"). To the extent the allegations in Paragraph 33 refer to a Metro 2 format, that format speaks for itself, and Synchrony denies any allegations inconsistent with that format.

34. Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 of the FAC, and therefore, they are denied.

35. Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 of the FAC, and therefore, they are denied.

36. In answering Paragraph 36 of the FAC, Synchrony only states that it furnishes information regarding credit card accounts of its customers to CRAs. As to the remaining allegations, Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 of the FAC, and therefore, they are denied.

///

**Capital One Acquires Plaintiff's Synchrony Bank/Walmart Credit Card in October 2019**

37.     In answering Paragraph 37 of the FAC, Synchrony admits Plaintiff opened a Walmart-branded credit card with Synchrony (the "Account") in or around June 2018. Capital One acquired the Account and its servicing obligations in October 2019, and Synchrony ceased furnishing information on the Account at or around that time. Except as expressly admitted, the allegations are denied.

38.     Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 of the FAC. To the extent a response is required, the July 26, 2018 report by The Wall Street Journal and the July 26, 2019 press release issued by Walmart speak for themselves, and Synchrony denies any allegations inconsistent with the report and press release.

39.     In answering Paragraph 39 of the FAC, Synchrony admits that Capital One acquired the Account and its servicing obligations in October 2019 and that Synchrony conveyed as much to Plaintiff in a letter dated August 9, 2024. To the extent that the allegations in Paragraph 39 of the FAC or inconsistent with that letter, which speaks for itself, Synchrony denies the allegations in Paragraph 39 of the FAC.

40.     Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40 of the FAC, and therefore, they are denied.

41.     Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41 of the FAC, and therefore, they are denied. Synchrony further denies any allegations in Paragraph 41 of the FAC to the extent they are inconsistent with Plaintiff's complete May 6, 2024 credit report generated by Experian, which speaks for itself.

42.     Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 of the FAC, and therefore, they are denied. Synchrony further denies any allegations in Paragraph 42 of the FAC to the

DEFENDANT SYNCHRONY BANK'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT

extent they are inconsistent with Plaintiff's complete May 6, 2024 credit report generated by Experian, which speaks for itself.

43.    Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 of the FAC, and therefore, they are denied. Synchrony further denies any allegations in Paragraph 43 of the FAC to the extent they are inconsistent with Plaintiff's complete May 6, 2024 credit report generated by Experian, which speaks for itself.

44.    In responding to Paragraph 44, Synchrony states it last furnished information to CRAs related to the Account in or around October 2019, immediately before Capital One acquired the Account. Regarding the remaining allegations in Paragraph 44 of the FAC, Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44 of the FAC, and therefore, they are denied. Synchrony further denies any allegations in Paragraph 44 of the FAC to the extent they are inconsistent with Plaintiff's complete May 6, 2024 credit report generated by Experian, which speaks for itself.

45.    Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45 of the FAC, and therefore, they are denied. Synchrony further denies any allegations in Paragraph 45 of the FAC to the extent they are inconsistent with Plaintiff's complete May 6, 2024 credit report generated by Experian, which speaks for itself.

**Walmart and Capital One End Their Partnership, and Capital One Replaces Plaintiff's Walmart Credit Card with a Capital One Quicksilver Card**

46.    Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46 of the FAC. To the extent a response is required, the May 24, 2024 press release issued by Capital One and the October 31, 2024 report from U.S. News and World Report speak for themselves, and Synchrony denies any allegations inconsistent with the press release and report.

47.    Synchrony lacks knowledge or information sufficient to form a belief as

to the truth of the allegations in Paragraph 47 of the FAC, and therefore, they are denied. Synchrony further denies any allegations in Paragraph 47 of the FAC to the extent they are inconsistent with Plaintiff's complete May 6, 2024 credit report generated by Experian, which speaks for itself.

48.   Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48 of the FAC, and therefore, they are denied. Synchrony further denies any allegations in Paragraph 48 of the FAC to the extent they are inconsistent with Plaintiff's complete May 6, 2024 credit report generated by Experian, which speaks for itself.

49.   In answering Paragraph 49 of the FAC, Synchrony states Capital One acquired the Account and its servicing obligations in October 2019, and Synchrony ceased furnishing information on the Account at or around that time. As to the remaining allegations in Paragraph 49 of the FAC, Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore, they are denied. Synchrony further denies any allegations in Paragraph 49 of the FAC to the extent they are inconsistent with Plaintiff's complete May 6, 2024 credit report generated by Experian, which speaks for itself.

50.   In answering Paragraph 50 of the FAC, Synchrony states Capital One acquired the Account and its servicing obligations in October 2019, and Synchrony ceased furnishing information on the Account at or around that time. As to the remaining allegations in Paragraph 50 of the FAC, Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore, they are denied. Synchrony further denies any allegations in Paragraph 50 of the FAC to the extent they are inconsistent with Plaintiff's complete May 6, 2024 credit report generated by Experian, which speaks for itself.

**Plaintiff's Synchrony Bank/Walmart Credit Card Begins Reporting as Late in July 2024**

51.   Synchrony lacks knowledge or information sufficient to form a belief as

to the truth of the allegations in Paragraph 51 of the FAC, and therefore, they are denied. Synchrony further denies any allegations in Paragraph 51 of the FAC to the extent they are inconsistent with Plaintiff's complete credit report generated by Experian, which speaks for itself.

52.    Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52 of the FAC, and therefore, they are denied. Synchrony further denies any allegations in Paragraph 52 of the FAC to the extent they are inconsistent with Plaintiff's complete credit report generated by Experian, which speaks for itself

53.    In answering Paragraph 53 of the FAC, Synchrony states Capital One acquired the Account and its servicing obligations in October 2019, and Synchrony ceased furnishing information on the Account at or around that time. As to the remaining allegations in Paragraph 53 of the FAC, Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore, they are denied.

54.    In answering Paragraph 54 of the FAC, Synchrony denies that it furnished false or inaccurate information to CRAs related to the Account. Capital One acquired the Account and its servicing obligations in October 2019, and Synchrony ceased furnishing information on the Account at or around that time. As to the remaining allegations in Paragraph 54 of the FAC, Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore, they are denied.

55.    In answering Paragraph 55 of the FAC, Synchrony denies that it furnished false or inaccurate information to CRAs. Capital One acquired the Account and its servicing obligations in October 2019, and Synchrony ceased furnishing information on the Account at or around that time. As to the remaining allegations in Paragraph 55 of the FAC, Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore, they are

denied..

56. Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56 of the FAC, and therefore, they are denied.

57. In answering Paragraph 57 of the FAC, Synchrony states that it transmitted a letter to Plaintiff on August 9, 2024 reiterating that the Account was acquired by Capital One in October 2019. Synchrony further denies any allegations in Paragraph 57 of the FAC to the extent they are inconsistent with the August 9, 2024 letter Synchrony sent to Plaintiff, which speaks for itself.

58. Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58 of the FAC, and therefore, they are denied.

**The Credit Bureau Defendants' Method for Considering Consumer Credit Report Disputes**

59. Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59 of the FAC, and therefore, they are denied.

60. Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60 of the FAC, and therefore, they are denied.

61. Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61 of the FAC, and therefore, they are denied. To the extent the allegations in Paragraph 61 of the FAC refer to a Metro 2 format, that format speaks for itself, and Synchrony denies any allegations inconsistent with that format.

62. Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62 of the FAC, and therefore, they are denied. To the extent the allegations in Paragraph 62 of the FAC refer to a Metro 2

format, that format speaks for itself, and Synchrony denies any allegations inconsistent with that format.

63. Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63 of the FAC, and therefore, they are denied. To the extent the allegations in Paragraph 63 of the FAC refer to a Metro 2 format or ACDVs, that format and form speaks for itself, and Synchrony denies any allegations inconsistent with that format and form.

64. Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64 of the FAC, and therefore, they are denied. To the extent the allegations in Paragraph 64 refer to ACDVs, the ACDV format speaks for itself, and Synchrony denies any allegations inconsistent with that format.

65. Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65 of the FAC, and therefore, they are denied. To the extent the allegations in Paragraph 65 refer to ACDVs, the ACDV format speaks for itself, and Synchrony denies any allegations inconsistent with that format.

66. Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66 of the FAC, and therefore, they are denied.

67. Paragraph 67 of the FAC consists solely of legal conclusions to which no response is required. To the extent a response is required, FCRA speaks for itself, and Synchrony denies any allegations inconsistent with that statute.

68. Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68 of the FAC, and therefore, they are denied.

**Plaintiff Disputes Experian's Inaccurate Reporting in Late Summer 2024**

69. Synchrony lacks knowledge or information sufficient to form a belief as

to the truth of the allegations in Paragraph 69 of the FAC, and therefore, they are denied.

70.     In answering Paragraph 70 of the FAC, Synchrony states it received two ACDVs from Experian related to the Account in or around late Summer 2024. In response to each ACDV, Synchrony conducted a thorough investigation and updated information issued to CRAs where appropriate. As to the remaining allegations, Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70 of the FAC, and therefore, they are denied.

71.     In answering Paragraph 71 of the FAC, after Synchrony received two ACDVs related to the Account in late Summer 2024, Synchrony conducted an investigation and updated certain information issued to CRAs where appropriate. Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71 of the FAC, and therefore, they are denied.

**Plaintiff Contacts Synchrony Bank in October 2024**

72.     Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 72 of the FAC, and therefore, they are denied.

73.     Synchrony only admits that Plaintiff contacted Synchrony on or around October 2, 2024 concerning her Account. Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 73 of the FAC, and therefore, they are denied.

74.     Synchrony only admits that it mailed Plaintiff a letter regarding her Account on October 14, 2024. As to the remaining allegations in Paragraph 74 of the FAC, Synchrony states that the letter speaks for itself, and Synchrony denies any allegations inconsistent with that letter.

**The Credit Bureau Defendants' Inaccurate Reporting as of October 2024**

75.     Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75 of the FAC, and therefore, they are

denied.

76.     Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 76 of the FAC, and therefore, they are denied.

**Plaintiff Disputes the Credit Bureau Defendants' Inaccurate Credit Reporting in December 2024**

77.     Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 77 of the FAC, and therefore, they are denied.

78.     Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78, and therefore, they are denied.

**The Credit Bureau Defendants' Responses to Plaintiff's December 2024 Disputes**

79.     Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 79 of the FAC, and therefore, they are denied.

80.     Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 80 of the FAC, and therefore, they are denied.

81.     Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 81 of the FAC, and therefore, they are denied.

82.     Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 82 of the FAC, and therefore, they are denied.

83.     Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 83 of the FAC, and therefore, they are denied.

DEFENDANT SYNCHRONY BANK'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT

84.    In answering Paragraph 84 of the FAC, Synchrony admits that Capital One acquired the Account and its servicing obligations in October 2019. Regarding the remaining allegations,  Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 84 of the FAC, and therefore, they are denied.

**Plaintiff Disputes the Credit Bureau Defendants' Inaccurate Credit Reporting in February 2025**

85.    Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 85 of the FAC, and therefore, they are denied.

86.    Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 86 of the FAC, and therefore, they are denied.

**The Credit Bureau Defendants' Responses to Plaintiff's February 2025 Disputes**

87.    Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 87 of the FAC, and therefore, they are denied.

88.     Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 88 of the FAC, and therefore, they are denied.

89.    Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 89 of the FAC, and therefore, they are denied.

90.    Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 90 of the FAC, and therefore, they are denied.

91.    Synchrony lacks knowledge or information sufficient to form a belief as

to the truth of the allegations in Paragraph 91 of the FAC, and therefore, they are denied.

92.    Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 92 of the FAC, and therefore, they are denied.

93.    In answering Paragraph 93 of the FAC, Synchrony only admits that Capital One acquired the Account and its servicing obligations in October 2019. Regarding the remaining allegations, Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 93 of the FAC, and therefore, they are denied.

**Plaintiff Disputes Experian's Inaccurate Credit Reporting in May 2025**

94.    Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 94 of the FAC, and therefore, they are denied.

95.    Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 95 of the FAC, and therefore, they are denied.

**Experian's Response to Plaintiff's May 2025 Dispute**

96.    Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 96 of the FAC, and therefore, they are denied.

97.    Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 97 of the FAC, and therefore, they are denied.

**Plaintiff Disputes Experian's Inaccurate Credit Reporting in June 2025**

98.    Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 98 of the FAC, and therefore, they are denied.

99.    Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 99 of the FAC, and therefore, they are denied.

**Experian's Response to Plaintiff's June 2025 Dispute**

100.    Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 100 of the FAC, and therefore, they are denied.

101.    Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 101 of the FAC, and therefore, they are denied.

102.    Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 102 of the FAC, and therefore, they are denied.

103.    Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 103 of the FAC, and therefore, they are denied.

104.    In answering Paragraph 104 of the FAC, Synchrony admits that Capital One acquired the Account and its servicing obligations in October 2019. Regarding the remaining allegations,  Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 104 of the FAC, and therefore, they are denied.

105.    Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 105 of the FAC, and therefore, they are denied.

106.    In answering Paragraph 106 of the FAC, Synchrony denies that Plaintiff has been harmed as a result of its conduct. Capital One acquired the Account and its servicing obligations in October 2019, and Synchrony ceased furnishing information on the Account at or around that time. Regarding the remaining allegations,

Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 106 of the FAC, and therefore, they are denied.

107.   Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 107 of the FAC, and therefore, they are denied.

108.   In answering Paragraph 108 of the FAC, Synchrony denies that it engaged in any violative conduct, and that any purported violative conduct was intentional, willful, reckless, and in grossly negligent disregard for federal law and the rights of Plaintiff. As to the remaining allegations in Paragraph 108 of the FAC, Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore, they are denied.

109.   Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 109 of the FAC, and therefore, they are denied.

110.   Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 110 of the FAC, and therefore, they are denied.

111.   In answering Paragraph 111 of the FAC, Synchrony denies that it furnished incomplete version of the facts and that it continued to report inaccurate, derogatory information Plaintiff's account.  Capital One acquired the Account and its servicing obligations in October 2019, and Synchrony ceased furnishing information on the Account at or around that time. Regarding the remaining allegations in Paragraph 111 of the FAC,  Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore, they are denied.

112.   Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 112 of the FAC, and therefore, they are

denied.

113. Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 113 of the FAC, and therefore, they are denied.

114. Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 114 of the FAC, and therefore, they are denied.

**CLAIMS FOR RELIEF**

**COUNT 1**

**15 U.S.C. § 1681e(b)**

**Failure to Follow Reasonable Procedures to Assure Maximum Possible Accuracy**

**(First Claim for Relief Against Defendants Equifax and Experian)**

115. In answering Paragraph 115 of the FAC, Synchrony incorporates all preceding paragraphs as though fully set forth herein.

116. The allegations in Paragraph 116 of the FAC are directed to other parties in this matter, and therefore, a response from Synchrony is not required. To the extent a response is required, Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 116 of the FAC, and therefore, they are denied.

117. The allegations in Paragraph 117 of the FAC are directed to other parties in this matter, and therefore, a response from Synchrony is not required. To the extent a response is required, Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 117 of the FAC, and therefore, they are denied.

118. The allegations in Paragraph 118 of the FAC are directed to other parties in this matter, and therefore, a response from Synchrony is not required. To the extent a response is required, Synchrony lacks knowledge or information sufficient to form

a belief as to the truth of the allegations in Paragraph 118 of the FAC, and therefore, they are denied.

119. The allegations in Paragraph 119 of the FAC are directed to other parties in this matter, and therefore, a response from Synchrony is not required. To the extent a response is required, Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 119 of the FAC, and therefore, they are denied.

120. The allegations in Paragraph 120 of the FAC are directed to other parties in this matter, and therefore, a response from Synchrony is not required. To the extent a response is required, Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 120 of the FAC, and therefore, they are denied.

121. The allegations in Paragraph 121 of the FAC are directed to other parties in this matter, and therefore, a response from Synchrony is not required. To the extent a response is required, Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 121 of the FAC, and therefore, they are denied.

122. The allegations in Paragraph 122 of the FAC are directed to other parties in this matter, and therefore, a response from Synchrony is not required. To the extent a response is required, Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 122 of the FAC, and therefore, they are denied.

## COUNT II

### Cal. Civ. Code § 1785.14(b)

### Failure to Follow Reasonable Procedures to Assure Maximum

### Possible Accuracy

### (Second Claim for Relief Against Defendants Equifax and Experian)

123. In answering Paragraph 123 of the FAC, Synchrony incorporates all

DEFENDANT SYNCHRONY BANK'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST
AMENDED COMPLAINT

preceding paragraphs as though fully set forth herein.

124. The allegations in Paragraph 124 of the FAC are directed to other parties in this matter, and therefore, a response from Synchrony is not required. To the extent a response is required, Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 124 of the FAC, and therefore, they are denied.

125. The allegations in Paragraph 125 of the FAC are directed to other parties in this matter, and therefore, a response from Synchrony is not required. To the extent a response is required, Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 125 of the FAC, and therefore, they are denied.

126. The allegations in Paragraph 126 of the FAC are directed to other parties in this matter, and therefore, a response from Synchrony is not required. To the extent a response is required, Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 126 of the FAC, and therefore, they are denied.

127. The allegations in Paragraph 127 of the FAC are directed to other parties in this matter, and therefore, a response from Synchrony is not required. To the extent a response is required, Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 127 of the FAC, and therefore, they are denied.

128. The allegations in Paragraph 128 of the FAC are directed to other parties in this matter, and therefore, a response from Synchrony is not required. To the extent a response is required, Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 128 of the FAC, and therefore, they are denied.

129. The allegations in Paragraph 129 of the FAC are directed to other parties in this matter, and therefore, a response from Synchrony is not required. To the extent

DEFENDANT SYNCHRONY BANK'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT

a response is required, Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 129 of the FAC, and therefore, they are denied.

130.   The allegations in Paragraph 130 of the FAC are directed to other parties in this matter, and therefore, a response from Synchrony is not required. To the extent a response is required, Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 130 of the FAC, and therefore, they are denied.

## COUNT III

### 15 U.S.C. § 1681i

### Failure to Perform a Reasonable Reinvestigation

### (Third Claim for Relief Against Defendants Equifax and Experian)

131.   In answering Paragraph 131 of the FAC, Synchrony incorporates all preceding paragraphs as though fully set forth herein.

132.   The allegations in Paragraph 132 of the FAC are directed to other parties in this matter, and therefore, a response from Synchrony is not required. To the extent a response is required, Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 132 of the FAC, and therefore, they are denied.

133.   The allegations in Paragraph 133 of the FAC are directed to other parties in this matter, and therefore, a response from Synchrony is not required. To the extent a response is required, Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 133 of the FAC, and therefore, they are denied.

134.   The allegations in Paragraph 134 of the FAC are directed to other parties in this matter, and therefore, a response from Synchrony is not required. To the extent a response is required, Synchrony lacks knowledge or information sufficient to form

///

a belief as to the truth of the allegations in Paragraph 134 of the FAC, and therefore, they are denied.

135. The allegations in Paragraph 135 of the FAC are directed to other parties in this matter, and therefore, a response from Synchrony is not required. To the extent a response is required, Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 135 of the FAC, and therefore, they are denied.

136. The allegations in Paragraph 136 of the FAC are directed to other parties in this matter, and therefore, a response from Synchrony is not required. To the extent a response is required, Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 136 of the FAC, and therefore, they are denied.

137. The allegations in Paragraph 137 of the FAC are directed to other parties in this matter, and therefore, a response from Synchrony is not required. To the extent a response is required, Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 137 of the FAC, and therefore, they are denied.

138. The allegations in Paragraph 138 of the FAC are directed to other parties in this matter, and therefore, a response from Synchrony is not required. To the extent a response is required, Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 138 of the FAC, and therefore, they are denied.

139. The allegations in Paragraph 139 of the FAC are directed to other parties in this matter, and therefore, a response from Synchrony is not required. To the extent a response is required, Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 139 of the FAC, and therefore, they are denied.

///

DEFENDANT SYNCHRONY BANK'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT

## COUNT IV

### Cal. Civ. Code § 1785.16(a)

### Failure to Perform Reasonable Reinvestigation

### (Fourth Claim for Relief Against Defendants Equifax and Experian)

140. In answering Paragraph 140 of the FAC, Synchrony incorporates all preceding paragraphs as though fully set forth herein.

141. The allegations in Paragraph 141 of the FAC are directed to other parties in this matter, and therefore, a response from Synchrony is not required. To the extent a response is required, Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 141 of the FAC, and therefore, they are denied.

142. The allegations in Paragraph 142 of the FAC are directed to other parties in this matter, and therefore, a response from Synchrony is not required. To the extent a response is required, Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 142 of the FAC, and therefore, they are denied.

143. The allegations in Paragraph 143 of the FAC are directed to other parties in this matter, and therefore, a response from Synchrony is not required. To the extent a response is required, Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 143 of the FAC, and therefore, they are denied.

144. The allegations in Paragraph 144 of the FAC are directed to other parties in this matter, and therefore, a response from Synchrony is not required. To the extent a response is required, Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 144 of the FAC, and therefore, they are denied.

///
///

DEFENDANT SYNCHRONY BANK'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT

## COUNT V

## 15 U.S.C. § 1681s-2(b)

**Failure to Conduct a Reasonable Investigation of the Disputed Information and Review all Relevant Information Provided by the Consumer**

**(First Claim for Relief Against Defendants Synchrony Bank and Capital One)**

145.    In answering Paragraph 145 of the FAC, Synchrony incorporates all preceding paragraphs as though fully set forth herein.

146.    Synchrony denies that it published a negative entry to Defendants Equifax and Experian. Capital One acquired the Account and its servicing obligations in October 2019, and Synchrony ceased furnishing information on the Account at or around that time. Regarding the remaining allegations, Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 146 of the FAC, and therefore, they are denied.

147.    Synchrony denies that it failed to fully and properly investigate Plaintiff's disputes, and that it inaccurately furnished information on Plaintiff's Account; that it failed to review all relevant information regarding the same provided by Equifax and Experian via ACDV; that it failed to accurately respond to Equifax and Experian; that it failed to correctly report results of an accurate investigation to Equifax and Experian; and that it failed to correct its own internal records to prevent re-reporting any inaccurate information to Equifax and Experian. Capital One acquired the Account and its servicing obligations in October 2019, and Synchrony ceased furnishing information on the Account at or around that time. Regarding the remaining allegations, Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 147 of the FAC, and therefore, they are denied.

148.    Synchrony denies that its conduct caused Plaintiff harm. Capital One acquired the Account and its servicing obligations in October 2019, and Synchrony ceased furnishing information on the Account at or around that time. Regarding the

remaining allegations, Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 148 of the FAC, and therefore, they are denied.

149. Synchrony denies that its conduct was willful, negligent, and that it violated FCRA in any way. Capital One acquired the Account and its servicing obligations in October 2019, and Synchrony ceased furnishing information on the Account at or around that time. As to the remaining allegations in Paragraph 149 of the FAC, they are solely legal conclusions to which no response is required. To the extent a response is required, the allegations are denied to the extent they are directed at Synchrony.

150. The allegations in Paragraph 150 of the FAC consist of solely legal conclusions to which no response is required. To the extent that an answer is required, Synchrony denies the allegations in Paragraph 151 of the FAC.

### COUNT VI
### Cal. Civ. Code § 1785.25(a)
### Failure to Perform Reasonable Reinvestigation
### (Second Claim for Relief Against Defendants Synchrony Bank and Capital One)

151. In answering Paragraph 151 of the FAC, Synchrony incorporates all preceding paragraphs as though fully set forth herein.

152. Synchrony only admits that it received two ACDVs related to the Account in late Summer 2024, and that in response to these ACDVs that Synchrony appropriately investigated Plaintiffs' dispute and updated information issued to CRAS where necessary. As to the remaining allegations in Paragraph 152 of the FAC, Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore, they are denied.

153. Synchrony denies that it reported incomplete or inaccurate information related to Plaintiff's Account as alleged in the FAC. Synchrony only admits that it

received two ACDVs related to the Account in late Summer 2024, and that in response to these ACDVs that Synchrony appropriately investigated Plaintiffs' dispute and updated information issued to CRAS where necessary. Capital One acquired the Account and its servicing obligations in October 2019, and Synchrony ceased furnishing information on the Account at or around that time. As to the remaining allegations in Paragraph 153 of the FAC, Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore, they are denied.

154.   Synchrony denies that it furnished information that it knew or should have known was incomplete or inaccurate related to the Account. Capital One acquired the Account and its servicing obligations in October 2019, and Synchrony ceased furnishing information on the Account at or around that time. As to the remaining allegations in Paragraph 154 of the FAC, they consist of legal conclusions to which no response is required. To the extent that an answer is required, Synchrony denies the allegations in Paragraph 154 of the FAC.

155.   Synchrony denies that it negligently or willfully violated the California Consumer Credit Reporting Agencies Act ("CCRAA"). As to the remaining allegations in Paragraph 155, they consist of legal conclusions to which no response is required. To the extent that an answer is required, Synchrony denies the allegations in Paragraph 155 of the FAC.

156.   Synchrony denies that Plaintiff suffered any harm as a result of its conduct. As to the remaining allegations in Paragraph 156 of the FAC, Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 156, and therefore, they are denied.

157.   The allegations in Paragraph 157 consist of legal conclusions to which no response is required. To the extent that an answer is required, Synchrony denies the allegations in Paragraph 157 of the FAC.

///

## PRAYER FOR RELIEF

The allegations contained within Plaintiff's "Prayer for Relief," inclusive of all its subparts, consist solely of legal conclusions to which no response is required. To the extent a response is required from Synchrony, the allegations in the "Prayer for Relief" are denied. Synchrony further denies that Plaintiff is entitled to the requested relief in the FAC.

## DEMAND FOR JURY TRIAL

The allegations in Paragraph 158 of the FAC consist solely of legal conclusions to which no response is required. To the extent a response is required, the allegations are denied to the extent they are directed at Synchrony.

## AFFIRMATIVE DEFENSES

Synchrony states the following defenses to the FAC, without assuming the burden of proof on any such defense that would otherwise rest on Plaintiff. Synchrony reserves the right to amend and/or supplement its responses to Plaintiff's allegations, as well as these defenses, as additional information is obtained through the discovery process or otherwise.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

Plaintiff fails to allege facts sufficient to state any cause of action upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Lack of Malice)

Synchrony specifically denies that it acted with any willfulness, oppression, fraud or malice towards Plaintiff. Plaintiff's claim that Synchrony committed willful violations of FCRA is barred by the principles articulated in *Safeco Ins. Co. v. Burr*, 127 S. Ct. 2201 (2007).

///

///

## THIRD AFFIRMATIVE DEFENSE

### (Compliance with Law)

Synchrony met or exceeded the requirements of all applicable laws, regulations, and standards applicable to Synchrony.

## FOURTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

The FAC, in whole or in part, is barred by the doctrine of unclean hands on the part of Plaintiff, her attorneys and/or her agents.

## FIFTH AFFIRMATIVE DEFENSE

### (Contribution)

Any and all harm alleged by Plaintiff can be attributed to several causes, and the damages for the harm, if any, should be apportioned among the various causes according to the contribution of each cause to the harm sustained.

## SIXTH AFFIRMATIVE DEFENSE

### (Fault of Others)

If Plaintiff suffered or sustained any loss, injury, damage, or detriment, the same was directly and proximately caused and contributed to by the breach, conduct, acts, omissions, activities, carelessness, recklessness, negligence, and/or intentional misconduct of third parties, and not Synchrony.

## SEVENTH AFFIRMATIVE DEFENSE

### (Fault of Plaintiff)

If Plaintiff suffered or sustained any loss, injury, damage or detriment, the same was directly and proximately caused and contributed to by the breach, conduct, acts, omissions, and/or activities of Plaintiff and not by Synchrony. Plaintiff's claims are barred or reduced by his own negligence, mistake or fraud.

## EIGHTH AFFIRMATIVE DEFENSE

### (No Damages)

Plaintiff did not incur any damages or loss as a result of any act or conduct by

Synchrony. Thus, Plaintiff lacks Article III standing.

### NINTH AFFIRMATIVE DEFENSE

(Causation)

Plaintiff fails to show that any alleged acts or omissions of Synchrony caused the injuries or damages claimed by Plaintiff.

### TENTH AFFIRMATIVE DEFENSE

(Speculative Damages)

Any damage or loss Plaintiff did incur as a result of any act or conduct by Synchrony would be speculative at best and thus too uncertain for recovery.

### ELEVENTH AFFIRMATIVE DEFENSE

(Good Faith/Conformance with Applicable Standards)

With respect to all matters alleged in the FAC, Synchrony at all times acted in good faith and in conformance with all applicable government and industry standards, thus precluding any recovery by Plaintiff.

### TWELFTH AFFIRMATIVE DEFENSE

(Failure to Mitigate Damages)

Plaintiff has failed, in whole or in part, to mitigate her alleged damages.

### THIRTEENTH AFFIRMATIVE DEFENSE

(Unjust Enrichment)

Plaintiff would be unjustly enriched if allowed to recover under the FAC.

### FOURTEENTH AFFIRMATIVE DEFENSE

(Mistake)

Any alleged acts or omissions of Synchrony that give rise to Plaintiff's causes of action are the result of innocent mistake.

### FIFTEENTH AFFIRMATIVE DEFENSE

(Written Agreement)

Plaintiff is party to one or more written agreements with Synchrony. Synchrony asserts the fact of such written agreements, as well as the terms of such

written agreements, act as a bar to Plaintiff's claim.

## SIXTEENTH AFFIRMATIVE DEFENSE

(Accuracy)

Plaintiff's FCRA claims fail as a matter of law, because Synchrony's reporting of Plaintiff's Synchrony Account was accurate.

## SEVENTEENTH AFFIRMATIVE DEFENSE

(Arbitration)

Plaintiff's causes of action are subject to binding arbitration pursuant to the governing account agreement, and Synchrony reserves the right to request that this action be stayed and/or dismissed in favor of arbitration.

## EIGHTEENTH AFFIRMATIVE DEFENSE

(Additional Affirmative Defenses)

Synchrony has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available. Synchrony therefore reserves the right to assert additional affirmative defenses and to amend the Answer accordingly in the event discovery indicates that they may be appropriate.

**WHEREFORE**, Synchrony respectfully requests that this Court:

1.    Dismiss all of Plaintiff's claims against Synchrony on the merits and with prejudice; and

2.    Grant Synchrony any other relief that the Court deems just and equitable.

DATED: July 1, 2026                    **McGuireWoods LLP**

By: */s/ Athena G. Rutherford*
          Athena G. Rutherford

*Attorney for Defendant Synchrony Bank*

DEFENDANT SYNCHRONY BANK'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT

### **CERTIFICATE OF SERVICE**

I hereby certify that on July 1, 2026, I electronically filed the foregoing document entitled **DEFENDANT SYNCHRONY BANK'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT** with the Clerk of the Court for the United States District Court, Northern District of California using the CM/ECF system and served a copy of the same upon all counsel of record via the Court's electronic filing system.

*/s/ Athena G. Rutherford*
Athena G. Rutherford
