NICHOLAS C. WILEY (351161)
NWiley@goodwinlaw.com
**GOODWIN PROCTER LLP**
525 Market Street, Floor 32
San Francisco, California 94105
Tel. +1 415 733 6000
Fax: +1 415 677 9041

Attorneys for Defendant
EXPERIAN INFORMATION SOLUTIONS, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VALERIE RENEE LEMASTERS,<br><br>           Plaintiff,<br><br>       v.<br><br>EQUIFAX INFORMATION SERVICES LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; CAPITAL ONE FINANCIAL CORPORATION; and SYNCHRONY BANK, N.A.,<br><br>           Defendants. | Case No. 5:26-cv-02096-NW<br><br>**DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S ANSWER TO FIRST AMENDED COMPLAINT**<br><br>Courtroom:   3, 5th Floor<br>Judge:       Hon. Noël Wise<br><br>Compl. filed:  Mar. 11, 2026<br>FAC filed:    June 17, 2026 |

GOODWIN PROCTER LLP
ATTORNEYS AT LAW

COMES NOW Defendant Experian Information Solutions, Inc. ("Experian"), by and through its undersigned counsel, hereby answers and asserts affirmative defenses to Plaintiff Valerie Renee Lemasters's ("Plaintiff") First Amended Complaint (the "FAC") in the above-captioned matter.  Experian (i) denies all of the FAC's allegations unless expressly admitted herein and (ii) denies any averments in the headings, subheadings, and associated footnotes of the FAC.  Experian answers the specific allegations in the like-numbered paragraphs, subparagraphs, and associated footnotes of the FAC as follows:

### INTRODUCTION

1.      In response to paragraph 1 of the FAC, Experian states that the allegations contained therein are general commentary and legal/policy assertions not subject to admission or denial. To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the FAC and, on that basis, denies, generally and specifically, each and every allegation contained therein.

2.      In response to paragraph 2 of the FAC, Experian states that the allegations contained therein are general commentary and legal/policy assertions not subject to admission or denial. To the extent a response is required, Experian denies, generally and specifically, each and every allegation contained therein.

3.      In response to paragraph 3 of the FAC, Experian states that the allegations contained therein are general commentary and legal/policy assertions not subject to admission or denial. To the extent a response is required, Experian denies, generally and specifically, each and every allegation contained therein.

4.      In response to paragraph 4 of the FAC, Experian states that the allegations contained therein are general commentary and legal/policy assertions not subject to admission or denial. To the extent a response is required, Experian denies, generally and specifically, each and every allegation contained therein.

5.      In response to paragraph 5 of the FAC, Experian admits that the allegations contained therein appear to set forth, summarize, and/or characterize a portion of the federal Fair

GOODWIN PROCTER LLP
ATTORNEYS AT LAW

- 1 -

Credit Reporting Act (the "FCRA"). Experian affirmatively states that the FCRA speaks for itself and, on that basis, denies any allegations of paragraph 5 inconsistent therewith.

6. In response to paragraph 6 of the FAC, Experian admits that the allegations contained therein appear to set forth, summarize, and/or characterize a portion of the federal Fair Credit Reporting Act (the "FCRA"). Experian affirmatively states that the FCRA speaks for itself and, on that basis, denies any allegations of paragraph 6 inconsistent therewith.

7. In response to paragraph 7 of the FAC, Experian states that the allegations contained therein consist of a quotation from judicial commentary and legislative history that speak for themselves. To the extent a response is required, Experian denies, generally and specifically, each and every allegation contained therein.

8. In response to paragraph 8 of the FAC, Experian admits that the allegations contained therein appear to set forth, summarize, and/or characterize a portion of the federal Fair Credit Reporting Act (the "FCRA"). Experian affirmatively states that the FCRA speaks for itself and, on that basis, denies any allegations of paragraph 8 inconsistent therewith.

9. In response to paragraph 9 of the FAC, Experian admits that the allegations contained therein appear to set forth, summarize, and/or characterize a portion of the federal Fair Credit Reporting Act (the "FCRA"). Experian affirmatively states that the FCRA speaks for itself and, on that basis, denies any allegations of paragraph 9 inconsistent therewith.

10. In response to paragraph 10 of the FAC, Experian admits that the allegations contained therein appear to set forth, summarize, and/or characterize a portion of the federal Fair Credit Reporting Act (the "FCRA"). Experian affirmatively states that the FCRA speaks for itself and, on that basis, denies any allegations of paragraph 10 inconsistent therewith.

11. In response to paragraph 11 of the FAC, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in paragraph 11 of the FAC that relate to the other defendants, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 11 of the FAC.

12.    In response to paragraph 12 of the FAC, Experian admits that the FAC purports to state claims under the FCRA. Experian denies that it has violated the FCRA and denies that it is liable to Plaintiff for any alleged damages. Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of paragraph 12 of the FAC.

13.    In response to paragraph 13 of the FAC, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in paragraph 13 of the FAC that relate to the other defendant, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 13 of the FAC.

14.    In response to paragraph 14 of the FAC, Experian admits that the FAC seeks damages. Experian denies that it has violated the FCRA and denies that it is liable to Plaintiff for any alleged damages.  Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of paragraph 14 of the FAC.

**THE PARTIES**

15.    In response to paragraph 15 of the FAC, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

16.    In response to paragraph 16 of the FAC, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

17.    In response to paragraph 17 of the FAC, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

18.    In response to paragraph 18 of the FAC, Experian admits that it is an Ohio corporation, with its principal place of business in Costa Mesa, California.  Experian further admits that it is qualified to do business and conducts business in the State of California.  Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of paragraph 18 of the FAC.

19.    In response to paragraph 19 of the FAC, Experian admits that it is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f). In further response to paragraph 19 of the FAC, Experian states that the remaining allegations contained therein are legal conclusions not subject to admission or denial. To the extent a further response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 19 of the FAC and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 19 of the FAC.

20.    In response to paragraph 20, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

21.    In response to paragraph 21 of the FAC, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

22.    In response to paragraph 22 of the FAC, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

23.    In response to paragraph 23 of the FAC, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

## JURISDICTION AND VENUE

24.    In response to paragraph 24 of the FAC, Experian admits that Plaintiff has alleged jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p. Experian further states that the allegations contained therein are legal conclusions not subject to admission or denial. To the extent a further response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the FAC and, on that basis, denies, generally and specifically, each and every remaining allegation contained therein.

GOODWIN PROCTER LLP
ATTORNEYS AT LAW

25. In response to paragraph 25 of the FAC, Experian admits that Plaintiff has alleged venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(2). Experian further states that this is a legal conclusion which is not subject to denial or admission. To the extent a further response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the FAC and, on that basis, denies, generally and specifically, each and every remaining allegation contained therein.

## FACTS

### Summary of the Fair Credit Reporting Act

26. In response to paragraph 26 of the FAC, Experian admits that the allegations contained therein appear to set forth, summarize, and/or characterize a portion of the federal Fair Credit Reporting Act (the "FCRA"). Experian affirmatively states that the FCRA speaks for itself and, on that basis, denies any allegations of paragraph 26 inconsistent therewith.

27. In response to paragraph 27 of the FAC, Experian admits that the allegations contained therein appear to set forth, summarize, and/or characterize a portion of the federal Fair Credit Reporting Act (the "FCRA"). Experian affirmatively states that the FCRA speaks for itself and, on that basis, denies any allegations of paragraph 27 inconsistent therewith.

28. In response to paragraph 28 of the FAC, Experian admits that the allegations contained therein appear to set forth, summarize, and/or characterize a portion of the federal Fair Credit Reporting Act (the "FCRA"). Experian affirmatively states that the FCRA speaks for itself and, on that basis, denies any allegations of paragraph 28 inconsistent therewith.

### The Credit Bureau Defendants' Processing of Credit Information

29. In response to paragraph 29 of the FAC, Experian admits that it receives information about consumers from various sources, including data furnishers. Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained therein that relates to Experian. As to the remaining allegations in paragraph 29 of the FAC that relate to the other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 29 of the FAC.

GOODWIN PROCTER LLP
ATTORNEYS AT LAW

- 5 -

30.     In response to paragraph 30 of the FAC, Experian admits that entities that report consumer information to it are commonly referred to as "furnishers." Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained therein that relates to Experian. As to the remaining allegations in paragraph 30 of the FAC that relate to the other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 30 of the FAC.

31.     In response to paragraph 31 of the FAC, Experian admits that it receives information from furnishers. Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained therein that relates to Experian. As to the remaining allegations in paragraph 31 of the FAC that relate to the other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 31 of the FAC.

32.     In response to paragraph 32 of the FAC, Experian admits that it receives and stores information electronically. Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained therein that relates to Experian. As to the remaining allegations in paragraph 32 of the FAC that relate to the other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 32 of the FAC.

33.     In response to paragraph 33 of the FAC, Experian admits that the credit reporting industry uses a standard electronic data reporting format called the Metro 2 Format. Experian affirmatively states that the Metro 2 Format speaks for itself, and, on that basis, denies any allegations inconsistent therewith. Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained therein that relates to Experian. As to the remaining allegations in paragraph 33 of the FAC that relate to the other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of those

allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 33 of the FAC.

34.    In response to paragraph 34 of the FAC, Experian admits that it receives information from furnishers. Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained therein that relates to Experian. As to the remaining allegations in paragraph 34 of the FAC that relate to the other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 34 of the FAC.

35.    In response to paragraph 35 of the FAC, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein as to Experian. As to the remaining allegations in paragraph 35 of the FAC that relate to the other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 35 of the FAC.

36.    In response to paragraph 36 of the FAC, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein as to Experian. As to the remaining allegations in paragraph 36 of the FAC that relate to the other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 36 of the FAC.

**Capital One Acquires Plaintiff's Synchrony Bank/Walmart Credit Card in October 2019**

37.    In response to paragraph 37 of the FAC, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every allegation of paragraph 37 of the FAC.

GOODWIN PROCTER LLP
ATTORNEYS AT LAW

38.    In response to paragraph 38 of the FAC, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every allegation of paragraph 38 of the FAC.

39.    In response to paragraph 39 of the FAC, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every allegation of paragraph 39 of the FAC.

40.    In response to paragraph 40 of the FAC, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every allegation of paragraph 40 of the FAC.

41.    In response to paragraph 41 of the FAC, and its subparts, Experian states that the allegations therein appear to set forth, summarize, and/or characterize a portion of Plaintiff's purported Experian credit report that speaks for itself. Experian further states that Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41 and, on that basis, denies, generally and specifically, each and every allegation of paragraph 41 of the FAC, and its subparts.

42.    In response to paragraph 42 of the FAC, and its subparts, Experian states that the allegations therein appear to set forth, summarize, and/or characterize a portion of Plaintiff's purported Experian credit report that speaks for itself. Experian further states that Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42 and, on that basis, denies, generally and specifically, each and every allegation of paragraph 42 of the FAC, and its subparts.

43.    In response to paragraph 43 of the FAC, Experian states that the allegations therein appear to set forth, summarize, and/or characterize a portion of Plaintiff's purported Experian credit report that speaks for itself. Experian further states that Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43 and, on that basis, denies, generally and specifically, each and every allegation of paragraph 43 of the FAC.

44.    In response to paragraph 44 of the FAC, Experian states that the allegations therein appear to set forth, summarize, and/or characterize a portion of Plaintiff's purported Experian credit

GOODWIN PROCTER LLP
ATTORNEYS AT LAW

report that speaks for itself. Experian further states that Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44 and, on that basis, denies, generally and specifically, each and every allegation of paragraph 44 of the FAC.

45. In response to paragraph 45 of the FAC, Experian states that the allegations therein appear to set forth, summarize, and/or characterize a portion of Plaintiff's purported Experian credit report that speaks for itself. Experian further states that Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45 and, on that basis, denies, generally and specifically, each and every allegation of paragraph 45 of the FAC.

**Walmart and Capital One End Their Partnership, and Capital One Replaces Plaintiff's Walmart Credit Card with a Capital One Quicksilver Card**

46. In response to paragraph 46 of the FAC, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

47. In response to paragraph 47 of the FAC, and its subparts, Experian states that the allegations therein appear to set forth, summarize, and/or characterize a portion of Plaintiff's purported Experian credit report that speaks for itself. Experian further states that Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47 and, on that basis, denies, generally and specifically, each and every allegation of paragraph 47 of the FAC, and its subparts.

48. In response to paragraph 48 of the FAC, Experian states that the allegations therein appear to set forth, summarize, and/or characterize a portion of Plaintiff's purported Experian credit report that speaks for itself. Experian further states that Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48 and, on that basis, denies, generally and specifically, each and every allegation of paragraph 48 of the FAC.

49. In response to paragraph 49 of the FAC, Experian states that the allegations therein appear to set forth, summarize, and/or characterize a portion of Plaintiff's purported Experian credit report that speaks for itself. Experian further states that Experian is without knowledge or

GOODWIN PROCTER LLP
ATTORNEYS AT LAW

information sufficient to form a belief as to the truth of the allegations in paragraph 49 and, on that basis, denies, generally and specifically, each and every allegation of paragraph 49 of the FAC.

50.    In response to paragraph 50 of the FAC, Experian states that the allegations therein appear to set forth, summarize, and/or characterize a portion of Plaintiff's purported Experian credit report that speaks for itself. Experian further states that Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50 and, on that basis, denies, generally and specifically, each and every allegation of paragraph 50 of the FAC.

**Plaintiff's Synchrony Bank/Walmart Credit Card Begins Reporting as Late in July 2024**

51.    In response to paragraph 51, including all subparts, of the FAC, Experian states that the allegations therein appear to set forth, summarize, and/or characterize a portion of Plaintiff's purported Experian credit report that speaks for itself. Experian further states that Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51 and, on that basis, denies, generally and specifically, each and every allegation of paragraph 51 of the FAC.

52.    In response to paragraph 52 of the FAC, including all subparts, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in paragraph 52 of the FAC that relate to the other defendants, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 52 of the FAC, including all subparts.

53.    In response to paragraph 53 of the FAC, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in paragraph 53 of the FAC that relate to the other defendants, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 53 of the FAC.

54.    In response to paragraph 54 of the FAC, Experian states that the allegations therein appear to set forth, summarize, and/or characterize a portion of Plaintiff's purported Experian credit report that speaks for itself.  Experian further states that it denies, generally and specifically, each

GOODWIN PROCTER LLP
ATTORNEYS AT LAW

and every allegation contained therein that relates to Experian. As to the allegations in paragraph 54 of the FAC that relate to the other defendants, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 54 of the FAC.

55. In response to paragraph 55 of the FAC, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

56. In response to paragraph 56 of the FAC, Experian states that the allegations therein appear to set forth, summarize, and/or characterize a portion of Plaintiff's purported Experian credit report that speaks for itself. Experian further states that it denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in paragraph 56 of the FAC that relate to the other defendants, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 56 of the FAC.

57. In response to paragraph 57 of the FAC, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

58. In response to paragraph 58 of the FAC, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

**The Credit Bureau Defendants' Method for Considering Consumer Credit Report Disputes**

59. In response to paragraph 59 of the FAC, Experian states that the FCRA speaks for itself and, on that basis, denies any allegations of this paragraph inconsistent therewith. As to any remaining allegations in paragraph 59, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

60. In response to paragraph 60 of the FAC, Experian admits that it utilizes e-OSCAR to communicate with furnishers after receiving a consumer dispute. Experian further states that e-

OSCAR speaks for itself, and, on that basis, denies any allegations inconsistent therewith. Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained therein that relates to Experian. As to the remaining allegations in paragraph 60 of the FAC that relate to the other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 60 of the FAC.

61.   In response to paragraph 61 of the FAC, Experian admits that the credit reporting industry uses a standard electronic data reporting format called the Metro 2 Format. Experian further states that the Metro 2 Format speaks for itself, and, on that basis, denies any allegations inconsistent therewith.  Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained therein that relates to Experian. As to the remaining allegations in paragraph 61 of the FAC that relate to the other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 61 of the FAC.

62.   In response to paragraph 62 of the FAC, Experian admits that the credit reporting industry uses a standard electronic data reporting format called the Metro 2 Format. Experian further states that the Metro 2 Format speaks for itself, and, on that basis, denies any allegations inconsistent therewith.  Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained therein that relates to Experian. As to the remaining allegations in paragraph 62 of the FAC that relate to the other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 62 of the FAC.

63.   In response to paragraph 63 of the FAC, Experian admits that e-OSCAR is a Metro 2 Format compliant system that allows consumer reporting agencies to initiate Automated Credit Dispute Verification ("ACDV") forms on behalf of consumers, which are then routed to the appropriate data furnisher.  Experian further states that ACDVs speak for themselves, and, on that

GOODWIN PROCTER LLP
ATTORNEYS AT LAW

basis, denies any allegations inconsistent therewith. Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained therein that relates to Experian. As to the remaining allegations in paragraph 63 of the FAC that relate to the other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 63 of the FAC.

64. In response to paragraph 64 of the FAC, Experian further states that ACDVs speak for themselves, and, on that basis, denies any allegations inconsistent therewith. Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained therein that relates to Experian. As to the remaining allegations in paragraph 64 of the FAC that relate to the other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 64 of the FAC.

65. In response to paragraph 65 of the FAC, Experian further states that ACDVs speak for themselves, and, on that basis, denies any allegations inconsistent therewith. Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained therein that relates to Experian. As to the remaining allegations in paragraph 65 of the FAC that relate to the other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 65 of the FAC.

66. In response to paragraph 66 of the FAC, Experian further states that ACDVs speak for themselves, and, on that basis, denies any allegations inconsistent therewith. Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained therein that relates to Experian. As to the remaining allegations in paragraph 66 of the FAC that relate to the other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 66 of the FAC.

67.    In response to paragraph 67 of the FAC, Experian admits that the allegations contained therein appear to set forth, summarize, and/or characterize a portion of the FCRA. Experian affirmatively states that the FCRA speaks for itself and, on that basis, denies any allegations of paragraph 67 inconsistent therewith.

68.    In response to paragraph 68 of the FAC, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

**Plaintiff Disputes Experian's Inaccurate Reporting in Late Summer 2024**

69.    In response to paragraph 69 of the FAC, Experian denies that any of its purported reporting as it relates to Plaintiff is, or was, inaccurate. Experian further states it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 69 and, on that basis, denies, generally and specifically, each and every remaining allegation contained therein.

70.    In response to paragraph 70 of the FAC, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

71.    In response to paragraph 71 of the FAC, Experian denies that any of its purported reporting as it relates to Plaintiff is, or was, inaccurate. Experian further states it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 71 and, on that basis, denies, generally and specifically, each and every remaining allegation contained therein.

**Plaintiff Contacts Synchrony Bank in October 2024**

72.    In response to paragraph 72 of the FAC, Experian denies that any of its purported reporting as it relates to Plaintiff is, or was, inaccurate. Experian further states it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 72 and, on that basis, denies, generally and specifically, each and every remaining allegation contained therein.

GOODWIN PROCTER LLP
ATTORNEYS AT LAW

73.    In response to paragraph 73 of the FAC, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

74.    In response to paragraph 74 of the FAC, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

### The Credit Bureau Defendants' Inaccurate Reporting as of October 2024

75.    In response to paragraph 75 of the FAC, and its subparts, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein, and its subparts.

76.    In response to paragraph 76 of the FAC, and its subparts, Experian denies that any of its purported reporting as it relates to Plaintiff is, or was, inaccurate. Experian further states it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 76 and, on that basis, denies, generally and specifically, each and every remaining allegation contained therein, and its subparts.

### Plaintiff Disputes the Credit Bureau Defendants' Inaccurate Credit Reporting in December 2024

77.    In response to paragraph 77 of the FAC, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

78.    In response to paragraph 78 of the FAC, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

### The Credit Bureau Defendants' Responses to Plaintiff's December 2024 Disputes

79.    In response to paragraph 79 of the FAC, Experian denies that any of its purported reporting as it relates to Plaintiff is, or was, inaccurate.  Experian further states that the allegations therein appear to set forth, summarize, and/or characterize a portion of Plaintiff's purported

Goodwin Procter LLP
Attorneys at Law

- 15 -

Experian credit report and/or ACDVs that speak for themselves. Experian further states that Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 79 and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 79 of the FAC.

80.    In response to paragraph 80 of the FAC, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

81.    In response to paragraph 81 of the FAC, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

82.    In response to paragraph 82 of the FAC, Experian denies that any of its purported reporting as it relates to Plaintiff is, or was, inaccurate. Experian further states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 82 and, on that basis, denies, generally and specifically, each and every remaining allegation contained therein.

83.    In response to paragraph 83 of the FAC, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

84.    In response to paragraph 84 of the FAC, Experian denies that any of its purported reporting as it relates to Plaintiff is, or was, inaccurate. Experian further states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 84 and, on that basis, denies, generally and specifically, each and every remaining allegation contained therein.

**Plaintiff Disputes the Credit Bureau Defendants' Inaccurate Credit Reporting in February 2025**

85.    In response to paragraph 85 of the FAC, Experian denies that any of its purported reporting as it relates to Plaintiff is, or was, inaccurate. Experian further states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations

GOODWIN PROCTER LLP
ATTORNEYS AT LAW

contained in paragraph 85 and, on that basis, denies, generally and specifically, each and every remaining allegation contained therein.

86.    In response to paragraph 86 of the FAC, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

**The Credit Bureau Defendants' Responses to Plaintiff's February 2025 Disputes**

87.    In response to paragraph 87 of the FAC, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

88.    In response to paragraph 88 of the FAC, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

89.    In response to paragraph 89 of the FAC, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

90.    In response to paragraph 90 of the FAC, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

91.    In response to paragraph 91 of the FAC, Experian states that the allegations therein appear to set forth, summarize, and/or characterize a portion of Plaintiff's purported Experian credit report that speaks for itself. Experian further states that Experian is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 91 and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 91 of the FAC.

92.    In response to paragraph 92 of the FAC, Experian denies that any of its purported reporting as it relates to Plaintiff is, or was, inaccurate.  Experian further states that the allegations therein appear to set forth, summarize, and/or characterize a portion of Plaintiff's purported Experian credit report that speaks for itself. Experian further states that Experian is without

knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 92 and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 92 of the FAC.

93.    In response to paragraph 93 of the FAC, Experian denies that any of its purported reporting as it relates to Plaintiff is, or was, inaccurate.  Experian further states that the allegations therein appear to set forth, summarize, and/or characterize a portion of Plaintiff's purported Experian credit report that speaks for itself. Experian further states that Experian is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 93 and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 93 of the FAC.

**Plaintiff Disputes Experian's Inaccurate Credit Reporting in May 2025**

94.    In response to paragraph 94 of the FAC, Experian denies that any of its purported reporting as it relates to Plaintiff is, or was, inaccurate. Experian further states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 94 and, on that basis, denies, generally and specifically, each and every remaining allegation contained therein.

95.    In response to paragraph 95 of the FAC, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

**Experian's Response to Plaintiff's May 2025 Dispute**

96.    In response to paragraph 96 of the FAC, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

97.    In response to paragraph 97 of the FAC, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

**Plaintiff Disputes Experian's Inaccurate Credit Reporting in June 2025**

GOODWIN PROCTER LLP
ATTORNEYS AT LAW

- 18 -

98.    In response to paragraph 98 of the FAC, Experian denies that it failed to respond to any of Plaintiff's purported disputes. Experian further states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 98 and, on that basis, denies, generally and specifically, each and every allegation contained therein.

99.    In response to paragraph 99 of the FAC, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

**Experian's Response to Plaintiff's June 2025 Dispute**

100.    In response to paragraph 100 of the FAC, Experian states that the allegations therein appear to set forth, summarize, and/or characterize a purported ACDV from Experian that speaks for itself and, on that basis, Experian denies any allegations in paragraph 100 inconsistent therewith. Experian further states that Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 100 and, on that basis, denies, generally and specifically, each and every allegation of paragraph 100 of the FAC.

101.    In response to paragraph 101 of the FAC, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

102.    In response to paragraph 102 of the FAC, Experian denies that any of its purported reporting as it relates to Plaintiff is, or was, inaccurate. Experian further states that the allegations in paragraph 102 appear to set forth, summarize, and/or characterize a portion of Plaintiff's purported Experian credit report that speaks for itself. Experian further states that Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 102 and, on that basis, denies, generally and specifically, each and every allegation of paragraph 102 of the FAC.

103.    In response to paragraph 103 of the FAC, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the remaining allegations in paragraph 103 of the FAC that relate to the other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of those

GOODWIN PROCTER LLP
ATTORNEYS AT LAW

allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 103 of the FAC.

104.    In response to paragraph 104 of the FAC, Experian denies that any of its purported reporting as it relates to Plaintiff is, or was, inaccurate. Experian further states that the allegations in paragraph 104 appear to set forth, summarize, and/or characterize a portion of Plaintiff's purported Experian credit report that speaks for itself. Experian further states that Experian is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations related to Experian in paragraph 104 and, on that basis, denies, generally and specifically, each and every remaining allegation related to Experian of paragraph 104 of the FAC. As to the remaining allegations in paragraph 104 of the FAC that relate to the other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 104 of the FAC.

105.    In response to paragraph 105 of the FAC, Experian denies that any of its purported reporting as it relates to Plaintiff is, or was, inaccurate. Experian further states that the allegations in paragraph 105 appear to set forth, summarize, and/or characterize a portion of Plaintiff's purported Experian credit report that speaks for itself. Experian further states that Experian is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations related to Experian in paragraph 105 and, on that basis, denies, generally and specifically, each and every remaining allegation related to Experian of paragraph 105 of the FAC. As to the remaining allegations in paragraph 105 of the FAC that relate to the other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 105 of the FAC.

106.    In response to paragraph 106 of the FAC, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the remaining allegations in paragraph 106 of the FAC that relate to the other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of those

GOODWIN PROCTER LLP
ATTORNEYS AT LAW

allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 106 of the FAC.

107.    In response to paragraph 107 of the FAC, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

108.    In response to paragraph 108 of the FAC, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the remaining allegations in paragraph 108 of the FAC that relate to the other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 108 of the FAC.

109.    In response to paragraph 109 of the FAC, Plaintiff purports to quote, summarize, or paraphrase caselaw that, to the extent accurately quoted or characterized, speaks for itself.  In further response to paragraph 109, Experian denies, generally and specifically, each and every remaining allegation contained therein that relates to Experian. As to the remaining allegations in paragraph 109 of the FAC that relate to the other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 109 of the FAC.

110.    In response to paragraph 110 of the FAC, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the remaining allegations in paragraph 110 of the FAC that relate to the other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 110 of the FAC.

111.    In response to paragraph 111 of the FAC, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the remaining allegations in paragraph 111 of the FAC that relate to the other defendants, Experian

GOODWIN PROCTER LLP
ATTORNEYS AT LAW

does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 111 of the FAC.

112.    In response to paragraph 112 of the FAC, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the remaining allegations in paragraph 112 of the FAC that relate to the other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 112 of the FAC.

113.    In response to paragraph 113 of the FAC, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

114.    In response to paragraph 114 of the FAC, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the remaining allegations in paragraph 114 of the FAC that relate to the other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 114 of the FAC.

## CLAIMS FOR RELIEF

### COUNT I

### 15 U.S.C. § 1681e(b)

**Failure to Follow Reasonable Procedures to Assure Maximum Possible Accuracy**

**(First Claim for Relief Against Defendants Equifax and Experian)**

115.    In response to paragraph 115 of the FAC, Experian incorporates by reference its responses to paragraphs 1 through 114 of the FAC as though fully set forth herein.

116.    In response to paragraph 116 of the FAC, Experian admits that the allegations contained therein appear to set forth, summarize, and/or characterize a portion of the federal Fair

GOODWIN PROCTER LLP
ATTORNEYS AT LAW

Credit Reporting Act (the "FCRA"). Experian affirmatively states that the FCRA speaks for itself and, on that basis, denies any allegations of paragraph 116 inconsistent therewith.

117.    In response to paragraph 117 of the FAC, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the remaining allegations in paragraph 117 of the FAC that relate to the other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 117 of the FAC.

118.    In response to paragraph 118 of the FAC, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the remaining allegations in paragraph 118 of the FAC that relate to the other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 118 of the FAC.

119.    In response to paragraph 119 of the FAC, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the remaining allegations in paragraph 119 of the FAC that relate to the other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 119 of the FAC.

120.    In response to paragraph 120 of the FAC, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the remaining allegations in paragraph 120 of the FAC that relate to the other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 120 of the FAC.

121.    In response to paragraph 121 of the FAC, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the

GOODWIN PROCTER LLP
ATTORNEYS AT LAW

remaining allegations in paragraph 121 of the FAC that relate to the other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 121 of the FAC.

122.    In response to paragraph 122 of the FAC, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the remaining allegations in paragraph 122 of the FAC that relate to the other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 122 of the FAC.

## COUNT II

### Cal. Civ. Code § 1785.14(b)

### Failure to Follow Reasonable Procedures to Assure Maximum Possible Accuracy

### (Second Claim for Relief Against Defendants Equifax and Experian)

123.    In response to paragraph 123 of the FAC, Experian incorporates by reference its responses to paragraphs 1 through 122 of the FAC as though fully set forth herein.

124.    In response to paragraph 124 of the FAC, Experian admits that it is a "consumer credit reporting agency" as defined by Cal. Civ. Code § 1785.3(d).  Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained therein that relates to Experian. As to the remaining allegations in paragraph 124 of the FAC that relate to the other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 124 of the FAC.

125.    In response to paragraph 125 of the FAC, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

126.    In response to paragraph 126 of the FAC, Experian admits that the allegations contained therein refer to Cal. Civ. Code § 1785.3(c) which speaks for itself and, on that basis,

Experian denies any allegations of paragraph 126 inconsistent therewith. Experian further denies, generally and specifically, each and every remaining allegation contained therein that relates to Experian. As to the remaining allegations in paragraph 126 of the FAC that relate to the other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 126 of the FAC.

127.   In response to paragraph 127 of the FAC, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the remaining allegations in paragraph 127 of the FAC that relate to the other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 127 of the FAC.

128.   In response to paragraph 128 of the FAC, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the remaining allegations in paragraph 128 of the FAC that relate to the other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 128 of the FAC.

129.   In response to paragraph 129 of the FAC, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the remaining allegations in paragraph 129 of the FAC that relate to the other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 129 of the FAC.

130.   In response to paragraph 130 of the FAC, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the remaining allegations in paragraph 130 of the FAC that relate to the other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of those

GOODWIN PROCTER LLP
ATTORNEYS AT LAW

allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 130 of the FAC.

## COUNT III

### 15 U.S.C. § 1681i

### Failure to Perform a Reasonable Reinvestigation

### (Third Claim for Relief Against Defendants Equifax and Experian)

131.    In response to paragraph 131 of the FAC, Experian incorporates by reference its responses to paragraphs 1 through 130 of the FAC as though fully set forth herein.

132.    In response to paragraph 132 of the FAC, Experian admits that the allegations contained therein appear to set forth, summarize, and/or characterize a portion of the federal Fair Credit Reporting Act (the "FCRA"). Experian affirmatively states that the FCRA speaks for itself and, on that basis, denies any allegations of paragraph 132 inconsistent therewith.

133.    In response to paragraph 133 of the FAC, Experian admits that the allegations contained therein appear to set forth, summarize, and/or characterize a portion of the FCRA. Experian affirmatively states that the FCRA speaks for itself and, on that basis, denies any allegations of paragraph 133 inconsistent therewith.

134.    In response to paragraph 134 of the FAC, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the remaining allegations in paragraph 134 of the FAC that relate to the other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 134 of the FAC.

135.    In response to paragraph 135 of the FAC, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the remaining allegations in paragraph 135 of the FAC that relate to the other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 135 of the FAC.

136.    In response to paragraph 136 of the FAC, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the remaining allegations in paragraph 136 of the FAC that relate to the other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 136 of the FAC.

137.    In response to paragraph 137 of the FAC, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the remaining allegations in paragraph 137 of the FAC that relate to the other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 137 of the FAC.

138.    In response to paragraph 138 of the FAC, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the remaining allegations in paragraph 138 of the FAC that relate to the other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 138 of the FAC.

139.    In response to paragraph 139 of the FAC, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the remaining allegations in paragraph 139 of the FAC that relate to the other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 139 of the FAC.

## COUNT IV

### Cal. Civ. Code § 1785.16(a)

### Failure to Perform a Reasonable Reinvestigation

### (Fourth Claim for Relief Against Defendants Equifax and Experian)

GOODWIN PROCTER LLP
ATTORNEYS AT LAW

140.    In response to paragraph 140 of the FAC, Experian incorporates by reference its responses to paragraphs 1 through 139 of the FAC as though fully set forth herein.

141.    In response to paragraph 141 of the FAC, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the remaining allegations in paragraph 141 of the FAC that relate to the other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 141 of the FAC.

142.    In response to paragraph 142 of the FAC, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the remaining allegations in paragraph 142 of the FAC that relate to the other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 142 of the FAC.

143.    In response to paragraph 143 of the FAC, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the remaining allegations in paragraph 143 of the FAC that relate to the other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 143 of the FAC.

144.    In response to paragraph 144 of the FAC, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the remaining allegations in paragraph 144 of the FAC that relate to the other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 144 of the FAC.

**COUNT V**

**15 U.S.C. § 1681s-2(b)**

- 28 -

Goodwin Procter LLP
Attorneys at Law

Experian's Answer to First Amend. Compl.                    Case No. 5:26-cv-02096-NW

**Failure to Conduct a Reasonable Investigation of the Disputed Information and Review all**

**Relevant Information Provided by the Consumer**

**(First Claim for Relief Against Defendants Synchrony Bank and Capital One)**

145.    In response to paragraph 145 of the FAC, Experian incorporates by reference its responses to paragraphs 1 through 144 of the FAC as though fully set forth herein.

146.    In response to paragraph 146 of the FAC, Experian states that the Fifth Cause of Action is not asserted against Experian and, therefore, no response is required. To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 146 of the FAC and, on that basis, denies, generally and specifically, each and every allegation contained therein.

147.    In response to paragraph 147 of the FAC, Experian states that the Fifth Cause of Action is not asserted against Experian and, therefore, no response is required. To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 147 of the FAC and, on that basis, denies, generally and specifically, each and every allegation contained therein.

148.    In response to paragraph 148 of the FAC, Experian states that the Fifth Cause of Action is not asserted against Experian and, therefore, no response is required. To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 148 of the FAC and, on that basis, denies, generally and specifically, each and every allegation contained therein.

149.    In response to paragraph 149 of the FAC, Experian states that the Fifth Cause of Action is not asserted against Experian and, therefore, no response is required. To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 149 of the FAC and, on that basis, denies, generally and specifically, each and every allegation contained therein.

150.    In response to paragraph 150 of the FAC, Experian states that the Fifth Cause of Action is not asserted against Experian and, therefore, no response is required. To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to

GOODWIN PROCTER LLP
ATTORNEYS AT LAW

the truth of the allegations contained in paragraph 150 of the FAC and, on that basis, denies, generally and specifically, each and every allegation contained therein.

## COUNT VI

## Cal. Civ. Code § 1785.25(a)

## Failure to Perform Reasonable Reinvestigation

**(Second Claim for Relief Against Defendants Synchrony Bank and Capital One)**

151.  In response to paragraph 151 of the FAC, Experian incorporates by reference its responses to paragraphs 1 through 150 of the FAC as though fully set forth herein.

152.  In response to paragraph 152 of the FAC, Experian states that the Sixth Cause of Action is not asserted against Experian and, therefore, no response is required. To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 152 of the FAC and, on that basis, denies, generally and specifically, each and every allegation contained therein.

153.  In response to paragraph 153 of the FAC, Experian states that the Sixth Cause of Action is not asserted against Experian and, therefore, no response is required. To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 153 of the FAC and, on that basis, denies, generally and specifically, each and every allegation contained therein.

154.  In response to paragraph 154 of the FAC, Experian states that the Sixth Cause of Action is not asserted against Experian and, therefore, no response is required. To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 154 of the FAC and, on that basis, denies, generally and specifically, each and every allegation contained therein.

155.  In response to paragraph 155 of the FAC, Experian states that the Sixth Cause of Action is not asserted against Experian and, therefore, no response is required. To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 155 of the FAC and, on that basis, denies, generally and specifically, each and every allegation contained therein.

156.    In response to paragraph 156 of the FAC, Experian states that the Sixth Cause of Action is not asserted against Experian and, therefore, no response is required. To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 156 of the FAC and, on that basis, denies, generally and specifically, each and every allegation contained therein.

157.    In response to paragraph 157 of the FAC, Experian states that the Sixth Cause of Action is not asserted against Experian and, therefore, no response is required. To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 157 of the FAC and, on that basis, denies, generally and specifically, each and every allegation contained therein.

### RESPONSE TO PRAYER FOR RELIEF

In response to Plaintiff's Prayer for Relief, Experian denies that Plaintiff is entitled to any of the relief requested in the Prayer for Relief, or to any relief whatsoever, from Experian.

### RESPONSE TO DEMAND FOR JURY TRIAL

In response to Plaintiff's Demand for Jury Trial, Experian admits that Plaintiff has demanded trial by jury on all issues triable.

### AFFIRMATIVE DEFENSES

In further response to Plaintiff's FAC, Experian hereby asserts the following affirmative defenses, without conceding that it bears the burden of persuasion as to any of them.

### FIRST AFFIRMATIVE DEFENSE

#### (Statutes of Limitations and Repose)

Experian is informed and believes and thereon alleges that all claims for relief in the FAC herein are barred by the applicable statutes of limitation and repose, including but not limited to 15 U.S.C. § 1681p and Cal. Civ. Code § 1785.33.

### SECOND AFFIRMATIVE DEFENSE

#### (Truth/Accuracy of Information)

All claims against Experian are barred because all information Experian communicated to any third person regarding Plaintiff was true.

GOODWIN PROCTER LLP
ATTORNEYS AT LAW

- 31 -

## THIRD AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

Plaintiff has failed to mitigate Plaintiff's damages.

## FOURTH AFFIRMATIVE DEFENSE

### (Laches)

The FAC and each claim for relief therein are barred by laches.

## FIFTH AFFIRMATIVE DEFENSE

### (Contributory/Comparative Fault)

Experian is informed and believes and thereon alleges that any alleged damages sustained by Plaintiff were, at least in part, caused by the actions of Plaintiff herself and/or third parties and resulted from Plaintiff's or third parties' own negligence which equaled or exceeded any alleged negligence or wrongdoing by Experian.

## SIXTH AFFIRMATIVE DEFENSE

### (Estoppel)

Any damages which Plaintiff may have suffered, which Experian continues to deny, were the direct and proximate result of the conduct of Plaintiff. Therefore, Plaintiff is estopped and barred from recovery of any damages.

## SEVENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

The FAC and each claim for relief therein that seeks equitable relief are barred by the doctrine of unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE

### (Qualified Immunity Under 15 U.S.C. § 1681h(e))

All claims against Experian are barred by the qualified immunity of 15 U.S.C. § 1681h(e).

## NINTH AFFIRMATIVE DEFENSE

### (Arbitration)

Experian alleges on information and belief that Plaintiff's claims may be the subject of an arbitration agreement between Plaintiff and Experian.

GOODWIN PROCTER LLP
ATTORNEYS AT LAW

- 32 -

## TENTH AFFIRMATIVE DEFENSE

### (Independent Intervening Cause)

Experian is informed and believes and thereon alleges that if Plaintiff sustained any of the injuries alleged in the FAC, there was an intervening, superseding cause and/or causes leading to such alleged injuries — including without limitation the alleged conduct of the unauthorized individual identified in the FAC as having committed identity theft, and the alleged conduct of co-defendants Equifax Information Services, LLC, Capital One Financial Corporation, and Synchrony Bank, N.A. — and, as such, any action on the part of Experian was not a proximate cause of the alleged injuries.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Federal Preemption)

Any and all state and common law claims Plaintiff brings against Experian are preempted by the federal Fair Credit Reporting Act, including without limitation 15 U.S.C. § 1681t.

## TWELFTH AFFIRMATIVE DEFENSE

### (Reservation of Right)

Experian reserves the right to assert additional affirmative defenses as discovery progresses and additional information becomes available.

## PRAYER FOR RELIEF

WHEREFORE, Defendant Experian Information Solutions, Inc. prays as follows:

(1) That Plaintiff takes nothing by virtue of the FAC herein and that this action be dismissed in its entirety;

(2) For costs of suit and attorneys' fees herein incurred; and

For such other and further relief as the Court may deem just and proper.

GOODWIN PROCTER LLP
ATTORNEYS AT LAW

- 33 -

EXPERIAN'S ANSWER TO FIRST AMEND. COMPL.                    CASE NO. 5:26-CV-02096-NW

Dated: July 1, 2026

Respectfully submitted,

By:  /s/ *Nicholas C. Wiley*
NICHOLAS C. WILEY
*NWiley@goodwinlaw.com*
**GOODWIN PROCTER LLP**

Attorneys for Defendant
EXPERIAN INFORMATION SOLUTIONS,
INC.

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Northern District of California by using the CM/ECF system on July 1, 2026.  I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I certify under penalty of perjury that the foregoing is true and correct. Executed on July 1, 2026.


*/s/ Nicholas C. Wiley*
Nicholas C. Wiley

GOODWIN PROCTER LLP
ATTORNEYS AT LAW

- 35 -

EXPERIAN'S ANSWER TO FIRST AMEND. COMPL.                                    CASE NO. 5:26-CV-02096-NW